**KNORR–BREMSE SYSTEME FUER NUTZFAHRZEUGE GMBH, Plaintiff–Cross Appellant,**

**v.**

**DANA CORPORATION, Defendant–Appellant,**

**and**

**Haldex Brake Products Corporation, and Haldex Brake Products AB, Defendants–Appellants.**

**Nos. 01–1357, 02–1256, 01–1376, 02–1221.**

United States Court of Appeals, Federal Circuit.

DECIDED: Sept. 26, 2003.

Jeffrey D. Sanok, Crowell & Moring LLP, of Washington, DC, for plaintiff-cross appellant. Of counsel are Michael I. Coe, Herbert I. Cantor, and Karen Canaan.

Ellen A. Efros, Rader, Fishman & Grauer, of Washington, DC, for defendant-appellant Dana Corporation.

Wesley W. Whitmyer, Jr., St. Onge Steward Johnston & Reens, LLC, for defendants-appellants Haldex Brake Products AB and Haldex Brake Products Corporation. Of counsel are Stanley H. Lieberstein, Richard J. Basile, and Michael G. Gabriel, St. Onge Steward Johnson & Reens LLC, of Stamford, CT.

Before MAYER, Chief Judge, NEWMAN, MICHEL, LOURIE, CLEVENGER, RADER, SCHALL, BRYSON, GAJARSA, LINN, DYK, and PROST, Circuit Judges.

*ORDER*

PER CURIAM.

This appeal is from the United States District Court for the Eastern District of Virginia, reported at *Knorr–Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.,* 133 F.Supp.2d 833 (E.D.Va.2001) (partial summary judgment); 133 F.Supp.2d 843 (E.D.Va.2001) (findings of fact and conclusions of law); Civ. A. No. 00–803–A (E.D.Va. Mar. 7, 2001) (final judgment and injunction); No. 00–803–A (E.D.Va. Apr. 9, 2001) (amended final judgment).

The court has *sua sponte* taken this case en banc to reconsider its precedent concerning the drawing of adverse inferences, with respect to willful patent infringement, based on the actions of the party charged with infringement in obtaining legal advice, and withholding that advice from discovery. *See, e.g., Kloster Speedsteel AB v. Crucible Inc.,* 793 F.2d 1565, 1580 (Fed. Cir.1986) (the accused infringer's silence as to whether it sought advice of counsel "would warrant the conclusion that it either obtained no advice of counsel or did so and was advised" that it would infringe); *Underwater Devices, Inc. v. Morrison–Knudsen Co.,* 717 F.2d 1380, 1389–90 (Fed.Cir.1983) (there is an affirmative duty "to seek and obtain competent legal advice from counsel before the initiation of any possible infringing activity").

The parties are invited to submit additional briefs directed to this issue, with respect particularly to the following questions:

1. When the attorney-client privilege and/or work product privilege is invoked by a defendant in an infringement suit, is it appropriate for the trier of fact to draw an adverse inference with respect to willful infringement?

2. When the defendant has not obtained legal advice, is it appropriate to draw an adverse inference with respect to willful infringement?

3. If the court concludes that the law should be changed, and the adverse inference withdrawn as applied to this case, what are the consequences for this case?

4. Should the existence of a substantial defense to infringement be sufficient to defeat liability for willful infringement even if no legal advice has been secured?

The issue will be heard *en banc* on the basis of the briefs already filed and any additional briefs addressing these questions. An original and thirty copies of all additional briefs shall be filed, and two copies served on opposing counsel. Such additional briefs shall be filed simultaneously by the parties, and are due thirty (30) days from the date of this Order. Briefs shall not exceed 5,000 words in length.

*Amicus curiae* briefs addressing questions 1, 2, and 4 are welcome from bar associations, trade or industry associations, and government entities. *Amicus* briefs shall be limited to 2,500 words, and shall be filed within seven (7) days after the date of the parties' briefs. *Amicus* briefs shall comply with Fed. R.App. P. 29 and Federal Circuit Rule 29.

Oral argument, if any, will be scheduled by a later order.